**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**CONTINENTAL FINANCE CORPORATION**
  **and JAMES MURPHY,**

                              **ECF Case**
            **Plaintiffs,**        **Docket No.: 08-7272**
                              **(PAC) (HBP)**

  -against-


**ROBERT A. LEDWITH, ANDRES PUERTA,**      **COMPLAINT**
**TERRY MOORE, LOCAL 46, METALLIC**
**LATHERS AND REINFORCING IRONWORKERS,**
**NEW YORK STATE BUILDING AND CONSTRUCTION**
**TRADES COUNCIL and DISTRICT COUNCIL**
**OF NEW YORK CITY AND VICINITY OF THE**
**UNITED BROTHERHOOD OF CARPENTERS AND**
**JOINERS OF AMERICA,**

            **Defendants.**

-------------------------------------------------------------------x

Plaintiffs, Continental Finance Corporation ("Continental") and James Murphy ("Murphy"), by and through their attorneys, Milman Labuda Law Group PLLC, as and for their complaint against Robert A. Ledwith, Andres Puerta, Terry Moore, Local 46, Metallic Lathers and Reinforcing Iron Workers, New York State Building and Construction Trades Council and District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (all collectively "Defendants") in the above-captioned action hereby allege as follows:

**NATURE OF ACTION**

1.      This is an action brought pursuant to: (1) § 303 of the Labor Management Relations Act, 1947, as amended ("LMRA"), 29 U.S.C. § 187; (2) the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, and for (3) assault; (4) defamation; and (5) tortuous interference of contract to recover the damages for injuries suffered by Plaintiffs from illegal, coercive, intimidating and extortionate conduct by Defendants.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 187, 18 U.S.C. § 1961 et seq., 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because (i) Defendants have their principal place of business, may be found and are subject to personal jurisdiction in this judicial district; (ii) Defendants do business in New York, directly, by representing employees in the construction industry within New York City, and thus are subject to personal jurisdiction in this district; and (iii) the events giving rise to this action occurred in this judicial district.

## PARTIES

4.      Continental is a corporation engaged in the business of real estate development. It is a New York corporation with its principal place of business in 216 East 49th Street, New York, New York 10017.

5.      Continental is an employer engaged in commerce and affecting commerce within the meaning of Sections 2(2), (6) and (5) of the National Labor Relations Act, as amended ("NLRA"), 29 U.S.C. § 152(2)(6) and (8).

6.      Continental operates in an industry effecting commerce within the meaning of Section 303 of the LMRA, 29 U.S.C. § 187(a).

7. James Murphy is an individual employed by Continental as a consultant to oversee the operations of the Site. He maintains an office at 216 East 49th Street, New York, NY 10017.

8. Local 46, Metallic Lathers Union and Reinforcing Ironworkers ("Local 46") is a "labor organization" within the meaning of 29 U.S.C. § 152(5), with its principal place of business located in New York City, at 1322 Third Avenue, New York 10021.

9. New York State Building and Construction Trades Council ("Building Trades Council") is a "labor organization" within the meaning of 29 U.S.C. § 152(5), with its place of business located in New York City, at 71 West 23rd Street, Suite 501-03, New York, New York 10010.

10. The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council of Carpenters") is a "labor organization" within the meaning of 29 U.S.C. § 152(5), with its principal place of business located in New York City, at 395 Hudson Street, New York NY 10014.

11. Robert A. Ledwith is an individual and is a business agent for Local 46 and a Vice President for the Building Trades Council. His offices are located at 1322 Third Avenue, New York NY 10021.

12. Andres Puerta is an individual and is a business agent for the District Council of Carpenters.

13. Terry Moore is an individual and is a business agent for Local 46.

**GENERAL ALLEGATIONS**

14. Continental is a developer of luxury residential condominuims in the ultra-competitive New York City market.

15. In August 2007, Continental began work on a residential apartment building project at 250 East 49th Street, New York NY located at the southwest corner of 49th Street and Second Avenue ("Site").

16. The building plans for the Site consist of residental apartments and retail commercial space on the ground floor.

17. Continental engaged Ocean Avenue Construction ("Ocean Avenue") as the construction manager and Pav-Lak Industries ("Pav-Lak") as the general contractor for the building and construction of the Site.

18. Pav-Lak hired Rovini Construction ("Rovini") to build the superstructure for the Site.

**Defendants engage in campaign to coerce Continental to stop using non-union contractors**

19. Rovini does not have a contract with Local 46 or any other union.

20. Defendants wanted Rovini to sign a union contract with Local 46.

21. Instead of making lawful attempts to have Rovini sign a union contract, Defendants exerted unlawful secondary pressure on Continental and other employers to, in turn, pressure Rovini into signing a union contract.

22. Defendants plan was and is to drive Continental out of business unless it acquiesced to Defendants' demands.

23. With respect to the illegal secondary activity perpetrated by Defendants and their demand for a collective bargaining relationship with Rovini, Continental, its agents, contractors and vendors are neutrals having no ability to control the labor relations of Rovini.

24. Defendants also demanded that Continental utilize one of the contractors that it has a collective bargaining agreement with to perform work at the Site.

25. Beginning in around October 2007 and continuing to the present, Defendants began making verbal threats to Continental in an effort to force it to use union contractors to build the Site.

26. Beginning in around February 2008 and continuing to the present, Defendants began an illegal campaign of engaging in a pattern of various activities on an almost daily basis against Continental which include:

- Physical assaults and threats of further violence against Continental employees

- Blocking deliveries at the Site

- Picketing at the Site

- Intimidating and coercing various contractors not to make deliveries of supplies at the Site

- Yelling and cursing and generally intimidating contractors, real estate agents, employees, and potential buyers through the use of guerilla tactics not to deal with Continental

- Holding large rallies at the Site

- Leafletting the offices of Continental's real estate agents

- Posting signs on the Site's walls and barricades

- Lobbying DOT to shut down delivery lanes at the Site

- Placing large inflatable pigs at the Site

- Harassing buyers (via leafletting) and blocking the ingress/egress of potential buyers and the general public at the Site

- Vandalizing the Site, including the destruction of mobile light units

- Urinating in the street at the Site

- Discarding large quantities of trash at the Site

- Making various defamatory statements about Continental and the Site

27. Most recently, on August 8, 2008, Defendant, Terry Moore, acting on behalf of Defendants, physically attacked Plaintiff, James Murphy, and pushed him to the ground. Moore repeatedly threatened to "kill him" and take a knife and "cut [his] balls off" due to his refusal (on behalf of Continental) to submit to Defendants' demands and for complaining about Defendants' activities to the National Labor Relations Board ("NLRB").

28. This type of intimidating and unlawful activity are not new tactics for Defendants.

29. In fact, Defendant District Council of Carpenters entered into and has been subject to a government consent decree since 1994 wherein the District Council "acknowledges that former officers and representatives of the District Council and certain of its constituent locals have been convicted of labor racketeering" and agreed that "All current and future officers, employees, and members of the District Council and its constituent locals are permanently enjoined: (a) form committing any act of racketeering activity, and defined in 18 U.S.C. § 1961."

30. On numerous occasions, Defendant District Council of Carpenters and its officers and agents have been held in contempt for violating the terms of the 1994 consent decree including as recently as 2007 by the Second Circuit, <u>United States v. District Council</u>, 229 Fed. App'x 14 (2d Cir. 2007).

31. On August 8, 2008, Judge Haight denied the District Council's motion to end government and court supervision citing recent acts of violence, and the recent indictment of five District Council shop stewards for labor racketeering, the indictment in <u>United States v. Moscatiello</u>, 04 Cr. 343 which charged that "the Genovese Organized Crime Family, from the 1970s through January 2004, had the ability to manipulate and control the Distrcit Council … the New York City Locals [of the District Council] , … and was able to leverage this control to benefit favored contractors and to exort and intimidate other contracotrs."

32. Similarly, Defendants have been acting in concert to extort Continental for the purpose of having superstructure work and carpentry work performed by contractors whom Defendants have entered into collective bargaining agreements.

33. Defendants have conspired to extort Continental so that it would pressure its subcontractors at the site to "voluntarily" recognize Defendants as the exclusive bargaining representative.

34. Defendants have conspired to extort Continental so that it would utilize contractors with whom Defendants have a collective bargaining agreement.

35. Defendants conspired to extort Continental's "voluntary" recognition and use of contractors with whom Defendants have a collective bargaining agreements with

7

by injuring Continental economically until it either agrees to Defendants' demands or ceases its operations at the Site.

**NLRB finds that Defendants coercive conduct against Continental violated the National Labor Relations Act**

36. On March 27, 2008, Continental filed charges with the National Labor Relations Board ("NLRB") against Local 46 for engaging in unlawful secondary boycott activity.

37. The NLRB investigated Continental's charges and concluded that Local 46 had, in fact, engaged in unlawful secondary boycott activity.

38. The NLRB concluded that the most expedient way to remedy the situation was to settle the charges with Local 46.

39. On May 17, 2008, the NLRB and Local 46 entered into a settlement agreement ("Agreement") whereby Local 46 agreed to post a copy of the settlement agreement for sixty (60) days in a conspicuous place for all its members to see.

40. Local 46 agreed to the following:

> WE WILL NOT in any manner or by any means threaten, coerce or restrain Continental Finance Corp. or Alexander Gurevich, Lehman Brothers and Corcoran Group, where an object thereof is to force or require Continental Finance Corp. or Alexander Gurevich, Lehman Brothers and Corcoran Group to cease doing business with or using, selling, handling, transporting or otherwise dealing in the products of Rovini Construction or where an object is to force or require Rovini Construction to recognize or bargain with Local 46, Metallic Lathers Union with respect to the Alexander jobsite located at 49th Street and Second Avenue, New York, NY.

> WE WILL NOT induce or encourage any individual employed by Continental Finance Corp. or Alexander Gurevich, Lehman Brothers and Corcoran Group to engage in a strike or a refusal in the course of his or her employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or threaten, coerce, or restrain Continental Finance Corp. or Alexander Gurevich, Lehman Brothers and Corcoran Group, where in either case an object thereof is to force or require Continental Finance Corp. or Alexander Gurevich, Lehman Brothers and Corcoran Group to cease doing business with Rovini Construction or to force or require Rovini Construction to recognize or bargain with Local 46, Metallic Lathers Union with respect to the Alexander jobsite located at 49th Street and Second Avenue, New York, NY.

> WE WILL NOT picket or cause to be picketed Continental Finance Corp. or Rovini Construction or any other subcontractors performing work at the Alexander job site at 49th Street and Second Avenue, New York, NY, with an object of forcing or requiring said employers to recognize or bargain with Local 46, Metallic Lathers Union or forcing or requiring the employees of said employers to accept Local 46, Metallic Lathers Union as their collective bargaining representative, where such picketing has been conducted without a representation petition under Section 9(c) of the National Labor Relations Act being filed within a reasonable period to time not to exceed 30 days from the start of such picketing.

41. The Agreement was signed by Defendant Robert A. Ledwith on behalf of Local 46.

42. Defendant Local 46 has continuously and repeatedly violated the terms of the Agreement by using physical force and using threats of future violence on Continental's agents to intimidate, blocking deliveries, intimidating and coercing contractors not to make deliveries, intimidating contractors, real estate agents, employees, and potential buyers not to deal with Continental, placing large inflatable pigs at the Site, harassing buyers (via leafletting) and blocking the ingress/egress of potential buyers and the general public, making defamatory statements about Continental and the Site, and other conduct violative of the Agreement.

43. In fact, Local 46 (which has its offices on 76th Street and Third Avenue) has moved its hiring hall to across the street from the Site to ensure a large crowd appears at the Site every day for the purpose of harassing and coercing Continental and its contractors into forcing Rovini to recognize it as the exclusive bargaining representative of Rovini's employees.

44. Continental has incurred and continues to incur more than $10,000 per month for providing private security guards at the site to aid in maintaining order.

45.     Defendants' conduct has resulted in lost sales of Continental's condominiums and increased construction costs stemming from the delays Defendants caused in deliveries.

### Defendants defame Continental

46.     Defendants have caused several leafletts that defame, disparage and slander Continental to be published and distributed to the general public.

47.     Defendants have published and distributed flyers to the general public falsely stating, inter alia, that Continental's development is "overpriced", being built by "mostly desperate and poor undocumented workers that are being exploited for profit" and that those workers do not receive "benefits for their families" or "safety training".

48.     Defendants have published and distributed flyers to the general public falsely implicating that Continental violates federal and state tax law by failing to pay payroll taxes on behalf of the employees working at the Site.

49.     Defendants have published and distributed flyers falsely stating that Continental's apartments are "being built is a shoddy fashion" "by untrained and unskilled persons" and that Continental is "cut[ting] corners and do[ing] things cheaper [which] effect the quality of the apartments."

### AS AND FOR A FIRST CLAIM FOR RELIEF

**Violation of 29 U.S.C. § 187 against Local 46, the Building Trades Council, and the District Council of Carpenters**

50.     Plaintiffs re-allege and incorporate each and every allegation contained in the complaint as if fully set forth herein.

51.     Defendants, Local 46, the Building Trades Council, and the District Council of Carpenters by and through their agents and/or representatives, have threatened, coerced or restrained persons where an object thereof is forcing or requiring such persons to cease using, selling, handling, transporting or otherwise dealing in the products of Continental or to cease doing business with Continental and its contractors because Rovini is not a signatory to a collective bargaining agreement with Defendants.

52.     Defendants, Local 46, the Building Trades Council, and the District Council of Carpenters have engaged (and refuse to cease engaging in) a course of conduct to induce or encourage workers employed by other persons or entities to engage in a strike or a refusal of the course of their employment to use, manufacture, process, transport or otherwise handle or work on any goods, articles, materials, commodities or to perform any services where an object thereof was to force or require such persons to cease using, selling, handling, transporting or otherwise dealing in the products of Continental or to cease doing business with Continental.

53.     Defendants, Local 46, the Building Trades Council, and the District Council of Carpenters have threatened, coerced, and restrained Continental where an object thereof was to force or require Continental to cease doing business with or using, selling, handling, transporting or otherwise dealing in the products of Rovini Construction.

54.     The conduct of Defendants, Local 46, Building Trades Council and the District Council of Carpenters as aforesaid constitutes unlawful secondary activity which is prohibited by Section 8(b)(4) of the Act, 29 U.S.C. § 158.

55. The conduct of Defendants, Local 46, Building Trades Council and the District Council of Carpenters is unlawful pursuant to Section 303 of the Act, 29 U.S.C. § 187, and Continental is entitled to seek relief for damages therein pursuant to Section 303(b) thereof.

56. As a direct and proximate result of the above-described conduct of Defendants, Local 46, Building Trades Council and the District Council of Carpenters, Continental has been damaged and sustained injuries which include but are not limited to lost sales, increased construction costs, and additional expenses for security services.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### Violation of 18 U.S.C. § 1962(b)
### Against All Defendants

57. Plaintiffs re-allege and incorporate each and every allegation contained in the complaint as if fully set forth herein.

58. Continental constitutes an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(a), which enterprises were engaged in activities affecting interstate commerce at all times relevant to this Complaint.

59. Each of the Defendants is a "person" under 18 U.S.C. §§ 1961(3), 1962 (a), and 1962(d).

60. Defendants violated 18 U.S.C. § 1962(b), that is, Defendants acquired or maintained, directly or indirectly, an interest in or control of Continental through a pattern of activity unlawful under 18 U.S.C. § 1961(1)(A) to wit: multiple, repeated, and continuous violations of 18 U.S.C. § 1951 and New York Penal Law § 155.05(2)(3) (extortion).

**61.** As a result, Continental has suffered substantial injury to its business or property within the meaning of 18 U.S.C. § 1964(c), including, but not limited to, lost or reduced sales, increased construction costs, damage to equipment and other property and irreparable loss of goodwill and business opportunity with clients of the condominiums Continental is developing for sale at the Site.

### AS AND FOR A THIRD CLAIM FOR RELIEF

#### Violation of 18 U.S.C. § 1962(d) by Conspiring to Violate § 1962(b) Against All Defendants

**62.** Plaintiffs re-allege and incorporate each and every allegation contained in the complaint as if fully set forth herein.

**63.** Continental constitutes an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(a), which enterprises were engaged in activities affecting interstate commerce at all times relevant to this Complaint.

**64.** Each of the Defendants is a "person" under 18 U.S.C. §§ 1961(3), 1962 (a), and 1962(d).

**65.** Defendants conspired among themselves within the meaning of 18 U.S.C. § 1962(d) to violate 18 U.S.C. § 1962(b), that is, Defendants conspired among themselves to acquire or maintain, directly or indirectly, an interest in or control of Continental through a pattern of activity unlawful under 18 U.S.C. § 1961(1)(A) to wit: multiple, repeated, and continuous violations of 18 U.S.C. § 1951 and New York Penal Law § 155.05(2)(3) (extortion).

**66.** As a result, Continental has suffered substantial injury to its business or property within the meaning of 18 U.S.C. § 1964(c), including, but not limited to, lost or reduced sales, increased construction costs, damage to equipment and other property and

irreparable loss of goodwill and business opportunity with clients of the condominiums Continental is developing for sale at the Site.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### Violation of 18 U.S.C. § 1962(c)
### Against All Defendants

67. Plaintiffs re-allege and incorporate each and every allegation contained in the complaint as if fully set forth herein.

68. Continental is a "person" under 18 U.S.C. §§ 1961(3) and 1964(c).

69. Each of the Defendants is a "person" under 18 U.S.C. §§ 1961(3), 1962 (a), and 1962(d).

70. Defendants collectively constitute an "association in fact" enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), which enterprise was engaged in activities affecting interstate commerce at all times relevant to this Complaint.

71. Defendants were and are associated with the enterprise and have conducted or participated, directly or indirectly, in the management and operation of the affairs of the enterprise in its relationship with Continental through a pattern of activity unlawful under 18 U.S.C. § 1961(1)(A) to wit: multiple, repeated, and continuous violations of 18 U.S.C. § 1951 and New York Penal Law § 155.05(2)(3) (extortion).

72. As a result, Continental has suffered substantial injury to its business or property within the meaning of 18 U.S.C. § 1964(c), including, but not limited to, lost or reduced sales, increased construction costs, damage to equipment and other property and irreparable loss of goodwill and business opportunity with clients of the condominiums Continental is developing for sale at the Site.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

**Violation of 18 U.S.C. § 1962(d) by Conspiring to Violate § 1962(c)**
**Against All Defendants**

73. Plaintiffs re-allege and incorporate each and every allegation contained in the complaint as if fully set forth herein.

74. Continental is a "person" under 18 U.S.C. §§ 1961(3) and 1964(c).

75. Each of the Defendants is a "person" under 18 U.S.C. §§ 1961(3), 1962(c), and 1962(d).

76. Defendants collectively constitute an "association in fact" enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), which enterprise was engaged in activities affecting interstate commerce at all times relevant to this Complaint.

77. Defendants were and are associated with the enterprise and conspired within the meaning of 18 U.S.C. § 1962(d) to violate 18 U.S.C. § 1962(c), that is, Defendants conspired to conduct or participate, directly or indirectly, in the management and operation of the affairs of the enterprise in its relationship with Continental through a pattern of activity unlawful under 18 U.S.C. § 1961(1)(A), to wit, multiple, repeated and continuous violations of 18 U.S.C. §1951 and New York Penal Law § 155.05(2)(3) (extortion).

78. As a result, Continental has suffered substantial injury to its business or property within the meaning of 18 U.S.C. § 1964(c), including, but not limited to, lost or reduced sales, increased construction costs, damage to equipment and other property and irreparable loss of goodwill and business opportunity with clients of the condominiums Continental is developing for sale at the Site.

## AS AND FOR A SIXTH CLAIM FOR RELIEF

### Tortious Interference of Contract
### Against All Defendants

79. Plaintiffs re-allege and incorporate each and every allegation contained in the complaint as if fully set forth herein.

80. Defendants have interfered with Continental's contracts by requesting and encouraging vendors and buyers to discontinue their contracts with Continental and not to enter into contracts with Continental.

81. As a result of Defendants' conduct, Continental has been damaged and sustained injuries.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF

### Defamation Against All Defendants

82. Plaintiffs re-allege and incorporate each and every allegation contained in the complaint as if fully set forth herein.

83. Defendants have made, and continue to make, defamatory and false statements of fact about Continental and the work performed at the site, which Defendants published to third parties. These statements included false allegations to the effect that Continental employs "unskilled" workers to perform work at the Site.

84. Defendants made, and continue to make, the aforementioned statements knowing they were, and are, false and/or with reckless disregard as to their truth or falsity.

85. The defamatory statements made by Defendants are highly injurious to Continental's business in its ability to secure buyers for the luxury condominium being developed at the Site, creating a lack of trust of Continental.

86. The statements made, and continue to be made by Defendants with actual malice because the use of the term "unskilled" is designed with the intent of damaging the public's perception of the quality and safety of the development for the purpose of persuading the public not to purchase a condominium.

87. As a direct and proximate result of Defendants' conduct, Continental has suffered special damages consisting of economic value.

## AS AND FOR A EIGHTH CLAIM FOR RELIEF

### Assault Against All Defendants

88. Plaintiffs re-allege and incorporate each and every allegation contained in the complaint as if fully set forth herein.

89. Defendant, Terry Moore physically assaulted Plaintiff, James Murphy on August 8, 2008.

90. Moore was acting as an agent for Defendants and within the scope of his authority.

91. As a direct and proximate result of Defendants' conduct, Plaintiff, James Murphy has suffered damages.

**WHEREFORE**, by reason of the foregoing, Plaintiffs pray for a judgment against Defendants, Robert A. Ledwith, Andres Puerta, Terry Moore, Local 46, Metallic Lathers and Reinforcing Iron Workers, New York State Building and Construction

Trades Council and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America as follows:

1. An Order holding Defendants in contempt for their violation of the 1994 Consent Decree.

2. Compensatory and consequential damages to Continental's business and property, including, but not limited to, lost or reduced sales, and increased construction costs, and damage to equipment and other property in an amount to be proven at trial, but at least in excess of $5,000,000.

3. An additional amount to be proven trial for the substantial and irreparable loss of good will and business opportunity with consumers and customers suffered by Continental as a result of the acts and omissions of Defendants;

4. Treble damages sustained by the Continental as a result of the acts and omissions of the Defendants, including, but not limited to the cost of investigations, the costs of this suit (including reasonable attorney's fees) and post-judgment interest;

5. Punitive damages for Defendants' intentional, willful, wanton, outrageous, or malicious misconduct, characterized by their evil or rancorous motive, illwill and intent to injure Continental; or Defendants' gross recklessness or gross negligence evincing a conscious disregard for Continental's rights;

6. Equitable relief as might be appropriate pursuant to applicable law, including, but not limited to, enjoining Defendants from continuing their scheme to extort Continental into meeting their demands as follows:

      a.    Enjoining Defendants from publishing in any format statements, reports, or press releases designed to mislead the public and unlawfully interfere with Continental's business relations;

      b.    Enjoining Defendants from continuing to unlawfully interfere with Continental's business relations through demonstrations and other activity at the site.

      c.    Requiring Defendants to publish the judgment against them so as to redress the damage that they have caused to Continental's reputation.

      d.    Imposing reasonable restrictions on the future activities and conduct of any of Defendants in regards to Continental.

7.    Compensatory damages to James Murphy in an amount to be proven at trial, but at least in excess of $1,000,000.00.

8.    Reasonable attorneys' fees and costs; and

9.    For such other and further relief as this court deems just and proper.

Continental demands a trial by jury of the within action of all issues so triable.

Dated: Lake Success, New York
       August 14, 2008

                             **MILMAN LABUDA LAW GROUP PLLC**

                             By:_____
                             Joseph M. Labuda, Esq.
                             Attorneys for Continental Finance Corporation
                             3000 Marcus Ave., Suite 3W3
                             Lake Success, NY 11042